M. E. Dougan, Appellant, v. Sun Fire Office of London, Garnishee of Max Hertz, Respondent.

### St. Louis Court of Appeals, March 18, 1890.

Garnishment : VERIFICATION OF ANSWER OF FOREIGN INSURANCE COMPANY. The resident agent of a foreign insurance company, doing business in this state, has the right in its behalf to make affidavit to its answer as garnishee. The superintendent of the insurance department is authorized only to acknowledge or receive service of process, after which the cause proceeds in its regular course, and his functions in regard to it are at an end.

*Appeal from the St. Louis City Circuit Court.*—Hon. Leroy B. Valliant, Judge.

Affirmed.

*Henry Boemler*, for the appellant.

The court committed an error in not sustaining the plaintiff's motion for a judgment by default against the garnishee on the ground that the verification of the answer of the garnishee was insufficient. The garnishee is a foreign insurance company, not incorporated in this state; the superintendent of the insurance company was served by the summons of garnishment by the constable; and the so-called agent filed an answer. Under the laws of 1885 this could not be done by the agent. There could be no service upon the agent; the agent could not, therefore, answer. The statute does not recognize the agent. R. S. 1889, sec. 5912; *Gates v. Tusten*, 89 Mo. 13; *Norvell v. Porter*, 62 Mo. 309; *Swallow v. Duncan*, 18 Mo. 622. The affidavit of the answer of the garnishee's agent does not state that the affiant makes it for the garnishee, and it is, therefore, fatally defective. *Claflin v. Horner*, 20 Mo. App. 314.

*Sale & Sale,* for the respondent.

BIGGS, J., delivered the opinion of the court.

This garnishment originated before a justice of the peace. The plaintiff instituted an attachment suit against Max Hertz, and the Sun Fire Office of London, a foreign insurance company, was summoned as garnishee.

The garnishee's answer disclosed that it had insured Hertz' property; that a loss had occurred, and the amount of the loss had been ascertained; that it.had not been paid at the date of the service of the garnishment, but that, prior thereto, Hertz had for value transferred the claim to Glaser Bros. The answer was signed by the attorney of the garnishee, and was verified by Frank C. Case, as one of the general agents of the company in the city of St. Louis. This answer was held to be insufficient by the justice, and judgment was entered against the company. In the circuit court the plaintiff filed a motion for judgment for want a of sufficient answer to the interrogatories. The court overruled this motion, and the plaintiff, having failed to reply to the garnishee's answer within the time prescribed by order of court, the proceedings were dismissed and final judgment was entered for the company. From this judgment the plaintiff has appealed and he assigns for error the action of the court in overruling the motion for judgment.

That the answer was sufficient in substance is not denied, but the appellant seems to think that a resident agent of a foreign insurance company, doing business in this state, cannot make for his company the required affidavit to an answer in a garnishment proceeding. If we understand correctly the contention of his counsel, it is, that under section 5912, Revised Statutes, 1889, this affidavit could only be made by the superintendent of the insurance department of the state. This idea is

based on an entire misconception of the object and purpose of the statute. Prior to the enactment of this law, litigants had experienced great difficulty and annoyance in procuring service against foreign insurance companies, and in many cases were unable to obtain personal service in suits instituted in state courts; it was to obviate this trouble that section 5912 was enacted. By this law all foreign insurance companies, desiring to do business in this state, are required to file a power of attorney with the superintendent of insurance, authorizing him to acknowledge or receive service of all legal process. After personal service has been thus obtained, the superintendent has nothing more to do, and the company is then treated as any other litigant. Therefore, we are unable to conceive upon what principle the garnishee's answer could be regarded as insufficient. It was signed by the attorney of the company, and the affidavit was made for the company by one of its general agents in the city of St. Louis.

We see no reason for disturbing the judgment and it will therefore be affirmed. All the judges concur.